**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02-40157-03-JAR |
| ) | 11-4036-JAR |
| CLIVE HAMILTON, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This comes before the Court on Petitioner Clive Hamilton's Second Motion for Reconsideration (Doc. 1031). Citing to Fed. R. Civ. P. 59(e), Petitioner once again asks the Court to reconsider its Memorandum Order and Opinion denying his motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1028).

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have

---

[1] D. Kan. Rule 7.3(a).

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

been raised earlier.³

The Court denied Petitioner's first request for reconsideration because he merely repeated arguments and allegations regarding application of the Tenth Amendment and whether a conspiracy charge requires a corresponding substantive offense charge made in support of his section 2255 motion.⁴ In this motion, Petitioner asserts that both the Court and the government misapprehended his claims, in particular his Tenth Amendment claim, and that he should have been permitted to "go first" and file a brief in support of his section 2255 motion prior to the Government's response.

The Court disagrees. Petitioner filed a detailed section 2255 motion on the standard form appended to the Rules governing section 2255 proceedings, setting forth seven grounds for relief and the facts supporting each claim.⁵ The Court denied Petitioner's request to file a memorandum in support of his motion, directed the Government to respond and permitted Petitioner to reply.⁶ Petitioner filed a seventy-four page reply to the Government's response, which included a discussion of what he characterized as the Government's misapprehension of his claims, clarifying his position and citing case law in support.⁷ The Court considered Petitioner's motion and reply and, in a comprehensive thirty-page order, denied his request for

---

³*Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

⁴Doc. 1030.

⁵Doc. 990. Indeed, Petitioner devotes nearly forty pages of discussion to his Tenth Amendment claim.

⁶Doc. 992.

⁷Doc. 1027.

relief.[8]  Once again, Petitioner's assertions are insufficient to warrant relief from judgment pursuant to Rule 59(e).  Accordingly, Petitioner's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Clive Hamilton's Second Motion for Reconsideration (Doc. 1031) is DENIED.

**IT IS SO ORDERED.**

Dated: December 21, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8]Doc. 1028.