# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
                **Respondent/Plaintiff,** )
)
        **vs.** )       **Case No. 02-40157-03-JAR**
)               **11-4036-JAR**
CLIVE HAMILTON, )
)
          **Petitioner/Defendant.** )
————————————————— )

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Clive Hamilton's Third Motion for Reconsideration (Doc. 1033). Citing to Fed. R. Civ. P. 59(e), Petitioner once again asks the Court to reconsider its Memorandum Order and Opinion denying his motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1028).

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have

---

[1]D. Kan. Rule 7.3(a).

[2]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

been raised earlier.[3]

The Court denied Petitioner's first request for reconsideration because he merely repeated arguments and allegations regarding application of the Tenth Amendment and whether a conspiracy charge requires a corresponding substantive offense charge made in support of his section 2255 motion.[4]  In his second motion, Petitioner asserted that both the Court and the government misapprehended his claims, in particular his Tenth Amendment claim, and that he should have been permitted to "go first" and file a brief in support of his section 2255 motion prior to the Government's response.  The Court denied Petitioner's second request, finding that he had sufficient opportunity to present what he characterized as the Government's misapprehension of his claims, clarifying his position and citing case law in support,[5] and that further, the Court had considered Petitioner's motion and reply and, in a comprehensive order, denied his request for relief.[6]

In this third request for reconsideration, Petitioner merely repeats the arguments and allegations raised in his second motion, specifically taking issue with the Court's briefing schedule and his alleged inability to adequately present his claims.  Once again, Petitioner's assertions are insufficient to warrant relief from judgment pursuant to Rule 59(e).  Accordingly, Petitioner's third motion is also denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Clive Hamilton's

---

[3]*Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4]Doc. 1030.

[5]Doc. 1027.

[6]Doc. 1028.

Third Motion for Reconsideration (Doc. 1033) is DENIED.

**IT IS SO ORDERED.**

Dated: <u>January 17, 2012</u>

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE