# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Respondent/Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FAITH HOPE HAMILTON, ) <br> ) <br> Petitioner/Defendant. ) <br> ) | Case No. 02-40157-08-JAR <br> 12-4152-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Faith Hope Hamilton's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1044) and Motion to Amend (Doc. 1047). The Government has responded (Doc. 1048) by moving for dismissal of the motions as untimely because they were filed outside the applicable statute of limitations and Hamilton has replied (Doc. 1049). After a careful review of the record and the arguments presented, the Court grants the Government's motion.

**I.  Background**

On April 28, 2008, Hamilton entered a guilty plea to Count One of the Third Superceding Indictment charging her with conspiracy to distribute more than 1,000 kilograms of marijuana and more than five kilograms of cocaine.[1] On October 7, 2009, this Court sentenced Hamilton to 168 months' imprisonment.[2] Hamilton directly appealed her conviction to the United States Court of Appeals for the Tenth Circuit, claiming the government breached the Plea Agreement by failing to move for a downward sentencing departure based on substantial assistance she

---

[1] Doc. 792.

[2] Doc. 910.

provided to the government and that the Court erred in calculating the drug quantity attributable to her. While the appeal was pending, the Tenth Circuit granted the government's motion for a limited remand so that this Court could rule on its motion for sentence reduction pursuant to Fed. R. Crim. P. 35(b). This Court entered an order reducing Hamilton's sentence to 120 months. The Tenth Circuit granted the government's motion to enforce the Plea Agreement on March 21, 2011,[3] dismissed the appeal without considering the calculation of the drug quantity and issued its Mandate on May 3, 2011.[4]

On July 19, 2011, Hamilton filed a petition for writ of certiorari with the United States Supreme Court.[5] The Supreme Court denied her petition on October 3, 2011.[6] Hamilton filed a *pro se* petition for rehearing with the Supreme Court, which was denied on December 12, 2011.[7] Hamilton then filed a *pro se* motion with the Tenth Circuit to recall the mandate, which was denied on April 16, 2012.[8] On May 8, 2012, Hamilton attempted to file a second petition for writ of certiorari with the Supreme Court, but her petition was returned because she failed to follow several procedural rules of the Court.[9] On November 19, 2012, Hamilton filed the instant § 2255 motion seeking to vacate her sentence on the grounds that the Court committed error at sentencing by determining an impermissible drug quantity calculation. Hamilton moved to

---

[3]*United States v. Hamilton*, 416 F. App'x 687 (10th Cir. 2011).

[4]Doc. 998-1.

[5]Doc. 1020.

[6]Doc. 1024.

[7]*Hamilton v. United States*, 132 S. Ct. 871 (2011).

[8]Tenth Cir. Doc. 01018828378, Case No. 09-3305.

[9]Doc. 1044-1.

2

amend this pleading on November 29, 2012, to assert the additional claim that this Court erred in applying a gun enhancement to her sentence.

**II.     Standard**

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[10] Because Hamilton appears *pro se*, her pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[11] If a petitioner's motion can be reasonably read to state a valid claim on which she could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[12] However, it is not "the proper function

---

[10] 28 U.S.C. § 2255(b).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

of the district court to assume the role of advocate for the *pro se* litigant."[13] For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on her behalf.[14]

## III. Discussion

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[15] This statute provides that a defendant has one year from the date her judgment of conviction became final to file her § 2255 motion.[16] "In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."[17] Thus, in order to be timely under § 2255(f)(1), Hamilton was required to file her § 2255 motion within one year of October 3, 2011, because her filings after October 3, 2011 did not affect the date the judgment became final for purposes of § 2255(f)(1)'s statute of limitations.[18] Hamilton filed her § 2255 petition on November 19, 2012, over one month after the one-year limitations period ran. Because her

---

[13]*Id.*

[14]*See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[15]*See* 28 U.S.C. § 2255, ¶ 6.

[16]*Id.* at ¶ 6(1).

[17]*Unites States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006).

[18]*See See United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (holding "a judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed"); *Drury v. United* States, 507 F.3d 1295, 1297 (11th Cir. 2007); *Robinson v. United States*, 416 F.3d 645, 646 (7th Cir. 2005).

original motion is untimely, her attempt to amend that petition filed November 29, 2012, is also untimely.

In her response to the Government's motion to dismiss, appears to Hamilton concede that her motion was filed outside the one-year deadline, but argues that she is entitled to equitable tolling of the statute of limitations. "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[19] In the habeas action context, equitable tolling has been limited to "rare and exceptional circumstances."[20] The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstance—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[21]

Hamilton has failed to demonstrate that some extraordinary circumstance stood in the way of her filing the instant motion. Hamilton has not asserted that she undertook any action to pursue her § 2255 claims during the year-long limitations period, such as working on the drafting of her petition or diligently inquiring into whether a retained attorney had filed the petition on her behalf. Instead, it is apparent that Hamilton was aware that her petition for writ of certiorari had been denied, but miscalculated the final date of her conviction. Hamilton presumably relied

---

[19] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

[20] *Gibson v. Klinger*, 232 F.3d 799, 800 (10th Cir. 2000).

[21] *Id*. (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

5

on the date that the Supreme Court denied her petition for rehearing (December 12, 2011), but as previously discussed, that date is not when the judgment becomes final.[22] The law is clear that complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling.[23] Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated *pro se* prisoner.[24] "Simple excusable neglect is not sufficient."[25]

Nor does Hamilton's claim that she was under the impression that retained counsel was pursuing her claim for relief present an extraordinary circumstance to justify equitably tolling the limitations period. Indeed, a purported denial of the effective assistance of counsel under the Sixth Amendment, "where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]."[26] For example, a mistake by counsel in calculating the limitations period has been found not to excuse a petitioner's failure to file within the limitations period.[27] Instead, equitable tolling of the limitations period will be justified when the habeas petitioner can establish "sufficiently egregious misconduct" on the part of counsel.[28]

Hamilton has not asserted any facts to persuade this Court that her counsel engaged in

---

[22] *Willis*, 202 F.3d at 1280-81.

[23] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001).

[24] *Marsh*, 223 F.3d at 1220; *Gibson*, 232 F.3d at 808.

[25] *Id*.

[26] *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005).

[27] *See United States v. Aros*, 216 F. App'x 754, 756 (10th Cir. 2007) (distinguishing ordinary attorney errors from more serious attorney misconduct).

[28] *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007).

sufficiently egregious conduct. Hamilton was represented at sentencing by retained counsel, Melinda Clark-Sann. During the pendency of the appeal, the Tenth Circuit permitted Clark-Sann to withdraw, and Martin Beres was appointed to represent Hamilton pursuant to the Criminal Justice Act.[29] After the Tenth Circuit dismissed her direct appeal, Hamilton proceeded to file numerous *pro se* motions with both the Circuit and the Supreme Court, followed by the instant motions for relief. Although Hamilton now claims that she was "under the impression" that retained counsel "may have submitted post-conviction proceeding" and was pursuing her remedy for relief, she does not identify this newly retained counsel or offer any details of discussions, correspondence or any circumstances that said counsel led her to believe or represented that a § 2255 motion was being prepared on her behalf. This is an insufficient basis for finding such extraordinary circumstances as to justify tolling of the limitations period.[30] Accordingly, the Court finds that Hamilton's request for equitable tolling is without merit, and her motions are untimely.

## IV. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[31] A petitioner may satisfy his

---

[29]Tenth Cir. Doc. 01018348126, Case No 09-3305.

[30]*See United States v. Ferguson*, No. 09-2272-JWL, 2009 WL 2982919, at *3 (D. Kan. Sept. 14, 2009); *cf. Fleming*, 481 F.3d at 1256-57(finding evidentiary hearing regarding equitable tolling warranted when the petitioner repeatedly questioned his attorney about the status of the petition, the attorney consistently promised it was being prepared and would be timely filed, and the attorney failed to ever file it).

[31]28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[32] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[33] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[34] For the reasons detailed in this Memorandum and Order, Hamilton has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing her § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Dismiss (Doc. 1048) is GRANTED; Hamilton's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 1044) is DISMISSED and the Motion to Amend (Doc. 1047) is DENIED as untimely; Hamilton is also denied a COA.

**IT IS SO ORDERED.**

Dated: January 8, 2013

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE

---

[32] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[33] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[34] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).